## LEVOIS v. BURGUIERES et al.

*The erasure of the name of plaintiff as payee of a note, and the insertion of another name, will not impose on the plaintiff the burthen of proving that the erasure and interlineation were made with the concurrence of the maker; when, from the circumstances, it may be inferred that the object of the insertion of another name was to furnish plaintiff with an endorser—especially where payee waived protest and promised to pay the note—and where plaintiff had possession of it, and where defendant had no equitable defence and his plea was evasive.* ‾

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J.
J. C. & A. Beatty, for plaintiff. C. Belcher and W. M. Mercer, for defendants and appellants.

SLIDELL, C. J. The appeal is by the defendant, *Burguieres*, from a judgment against him for the amount of a note which presents the following tenor and form:

$709 12 Terrebonne, 23 juin 1853.

Au vingt-cinq janvier prochain je promets payer à l'ordre de Mr. [*J. Levois**] M. Verret, la somme de sept cent neuf piastres 12 cents, valeur reçue.

E. D. BURGUIERES.

J. LEVOIS,
    Rue Chartres, no. 15.
        Endorsed,     M. VERRET.

I hereby waive protest of the within note, and notice thereof, and consent to be bound as if the protest had been regularly made, and notice thereof duly given. Houma, Jan. 27, 1854. M. VERRET.

The note was annexed as part of the petition. The plaintiff declares upon it as made by *Burguieres*, to the order of *Verret*, and by him endorsed. *Burguieres* pleads as follows : " He denies each and every allegation of the petition, except that the name signed to the note, *E. D. Burguieres*, is the genuine signature of this deponent, but he never affixed it to the said note as it now stands, but the said note has been, since his signature, altered in an essential particular, as appears by its face. Wherefore he prays to be hence dismissed with his costs."

The plea is equivocal and evasive. It does not suggest that the alteration was made after issuing the note or without his consent.

At the trial a witness testified, that the signatures of the maker and endorser were genuine, and that the erasure of *Levois'* name, and interlineation of *Verret's*, appeared to be made with different ink and in a different handwriting from the body of the note. Then the plaintiff offered the note, and on its admission in evidence, the defendant objected, unless the alteration was first ex-

*The name *J. Levois* has the mark of an intended erasure, and the word *M. Verret* inserted just above.—REP.

LEVOIS
*v.*
BURGUIERES.

plained, and it was shown to have been made with the concurrence of the maker; but the court overruled the objection, and admitted the note in evidence, with leave to defendant to set up any equities he might have without delaying the cause. No equitable circumstances whatever, tending to show that the alteration could materially affect the maker, or that it had been made without his concurrence, were proved; and the court gave judgment for plaintiff.

Under all the circumstances, taken in connection with the equivocal character of the plea, we are not prepared to say that the court below erred. *Levois,* who is now in possession of the instrument and sues upon it, was without dispute the person to whom *Burguieres* originally intended to pay the amount; *Verret,* whose name was afterwards interlined, consents, by his endorsement, that *Levois* shall be the recipient of the amount promised to be paid; and it seems, therefore, wholly immaterial, in the absence of proof of any equitable circumstances which could possibly involve any disadvantage to *Burguieres* from a judgment ordering him to pay *Levois,* whether *Burguieres* really consented to the interlineation of *Verret's* name or not. If he did not, then he is now paying the party whom he promised to pay. If he did, then the substituted payee, *Verret,* consents, by the endorsement and delivery of the note to *Levois,* that *Levois* should receive the money. It will be observed, that there is neither suggestion of fraud, nor the slightest circumstance authorizing a suspicion of it. The circumstances fully harmonize with the hypothesis, that after the note was signed with *Levois* as payee, he asked an endorser, and *Verret's* name was then put in.

As to proceeding to trial against the maker alone, it is sufficient to say that the endorser had died after suit brought, and we see no reason why the plaintiff in such case should be delayed in his pursuit of the co-defendant seperately liable.

Judgment affirmed, with costs.